IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMOND E. BRESSLER,

                              Plaintiff,                    Case No. 3:06 CV 3115

         -vs-
                                                          MEMORANDUM   OPINION
DOUGLAS J. WIEGLE, et al.,

                              Defendant.

KATZ, J.

         This matter is before the Court on  Magistrate Judge Vernelis K. Armstrong's Report and

Recommendation (Doc. 24, hereinafter "R & R"), Plaintiff Raymond Bressler's Objections to the

R & R (Doc. 27), and Defendants Douglas Wiegle and W. Joseph Bruns' Response to the

plaintiff's objections (Doc. 29).  The R & R was filed in response to the parties' cross-motions for

summary judgment (Doc. 16, 19).  The R & R recommended that the Court grant the defendants'

Motion for Summary Judgment (Doc. 16) and deny the plaintiff's Cross-Motion for Summary

Judgment (Doc. 19).  Because the Magistrate Judge was correct in each of her rulings, and

because the plaintiff's objections do not present any viable issues that could overcome summary

judgment, the R & R of the Magistrate Judge is hereby adopted, as supplemented by the findings

of this Court contained herein.

**I.     Issues**

         Although the Magistrate Judge granted summary judgment to the defendants with respect

to all of the plaintiff's claims, the plaintiff has not objected to the Magistrate's disposition of his

Fifth, Eighth, or Fourteenth Amendment claims.  His objections are (1) that his Fourth

Amendment claims were improperly decided because the Van Wert Municipal Court found that there was no probable cause for the traffic stop that led to his criminal charges; (2) that the police officer defendants were not entitled to invoke Eleventh Amendment governmental immunity; (3) that his false arrest claim is not barred by the Ohio statute of limitations because the statute did not begin to run until December of 2005; and (4) that he presented a prima facie case for malicious prosecution that should have survived summary judgment.

## II.    Background

The plaintiff in this case is an inmate at the Honor Camp at Grafton Correctional Institution, and the defendants are police officers employed by the City of Van Wert, Van Wert County, Ohio.  Two separate courts – the Van Wert Municipal Court and the Van Wert Court of Common Pleas – heard testimony regarding the underlying facts of this case.  Each of those cases was appealed to the Third District Court of Appeals of Ohio, whose findings of fact included the following.  *See State v. Bressler*, 857 N.E.2d 177 (Ohio Ct. App. 2006); *State v. Bressler*, No. 15-05-13, 2006 Ohio App. LEXIS 556 (Ohio Ct. App. 2006).

On December 19, 2004, at approximately 2:00 a.m., Sergeant Douglas J. Wiegle made a traffic stop of a vehicle operated by Raymond Bressler and occupied by Bressler and two passengers.  Sgt. Wiegle initiated the traffic stop after he observed Bressler weaving within his own lane and running his right rear tire over a curb in making a right hand turn.

Defendant Wiegle testified that as he approached the car, he observed Bressler attempting to hide something between his legs.  Sgt. Wiegle called for back-up and asked Bressler to step out of the vehicle.  Officer W. Joe Bruns arrived and assisted Sgt. Wiegle.  Bruns searched Bressler and found over two grams of powder cocaine on his person.  Inside the vehicle, Sgt. Wiegle

located a glass vial used to cook crack cocaine and a partially burnt marijuana cigarette. Bressler's passengers, Gregory Thatcher and Robert Pollock, were also removed from the car, and each consented to a search of his person.

During the stop, passenger Pollock indicated that he and the other men were headed to Bressler's residence, where he had observed drugs and drug paraphernalia earlier that day. Officer Bruns and another officer went to Bressler's residence to secure the home while a search warrant was being sought.  While there, Bruns observed what appeared to be marijuana and rolling papers in plain view.  Defendant Bruns signed an affidavit for search warrant on December 19, 2004, at 4:46 a.m.  Doc. 19, Plaintiff's Exhibit B.  Officer Bruns and Sgt. Wiegle then obtained a search warrant for Bressler's residence from the Common Pleas judge, and upon executing the warrant found a "significant amount" of drugs and drug paraphernalia.  *State v. Bressler*, 2006 Ohio App. LEXIS 556, at *4.

As a result of the December 19 traffic stop, Bressler was charged with failure to stay in a marked lane, in violation of OHIO REV. CODE § 4511.33, and operating a motor vehicle while intoxicated, in violation of OHIO REV. CODE § 4511.19(A)(1)(a).  Stemming from the execution of the search warrant, Bressler was indicted by the Van Wert County Grand Jury on two counts of possession of cocaine, one count of possession of marijuana, and one count of aggravated possession of drugs.  On December 22, 2004, Bressler was arraigned and pled not guilty to all of the felony charges in the Van Wert Common Pleas Court.  Bressler also entered not guilty pleas in the Van Wert Municipal Court to the misdemeanor charges of failure to stay in a marked lane and operating a motor vehicle under the influence.

3

Bressler filed motions to suppress the evidence in municipal court on January 27, 2005, and in common pleas court on February 10, 2005.  The municipal court held a hearing on March 15, 2005, after which it granted the motion to suppress and dismissed the misdemeanor charges. *Id.*  On appeal, the Third District Court of Appeals determined that the trial court did not err in granting the motion to suppress, but did err in immediately dismissing the charges arising from the traffic stop.  Doc. 19, Plaintiff's Exhibit A at 179-80.  The appeals court deemed the error harmless, and the judgment of the municipal court was affirmed.  *Id.* at 180.

On May 5, 2005, the common pleas court conducted a hearing, after which it overruled Bressler's motion to suppress the search warrant and dismissed the motion.  Doc. 19, Plaintiff's Exhibit B.  On May 18, 2005, Bressler entered a no contest plea and the trial court found him guilty of two counts of possession of cocaine, one count of possession of marijuana, and one count of aggravated possession of drugs and cocaine.  Doc. 16 at 4.  On June 3, 2005, a judgment entry of conviction and sentence was filed.  It sentenced Bressler to a mandatory term of four years for count one and a basic prison term of eleven months for counts two, three, and four with the sentences to run concurrently and a mandatory fine of seven thousand, five hundred dollars.  *State v. Bressler*, 2006 Ohio App. LEXIS 556, at *5.

Bressler appealed the common pleas case on June 6, 2005, but the court of appeals initially dismissed the case for lack of jurisdiction.  *Id.*  Once a pending forfeiture issue was addressed by the trial court, the plaintiff filed a timely notice of appeal on August 9, 2005.  *Id.*  The court of appeals found that the trial court did not err in overruling Bressler's motion to suppress and affirmed the conviction and sentence entered by the lower court.  *Id.* at *6.  On July 6, 2006, the

Ohio Supreme Court denied Plaintiff's request for review.  *State v. Bressler*, 850 N.E.2d 72 (Ohio 2006).

Bressler filed the complaint giving rise to the instant action in the Common Pleas Court of Van Wert County, Ohio, on or about November 29, 2006.  Doc. 1 at 1.  Defendants filed a Notice of Removal to the United States District Court, Western Division, on December 29, 2006, and this Court assumed jurisdiction.  *Id.*

III.     **Standard of Review**

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), the Court herein makes de novo determinations on those of the Magistrate's findings to which Plaintiff objects.

IV.     **Discussion**

The plaintiff has not filed objections to the Magistrate Judge's rulings granting summary judgment to the defendants with respect to his Fifth Amendment, Eighth Amendment, or Fourteenth Amendment claims.  The portions of the R & R dealing with those claims are hereby adopted by this Court.

   A.     **The Fourth Amendment Claim**

The Magistrate Judge ruled that the plaintiff's Fourth Amendment claims could not succeed because (1) "there is evidence from which reasonable minds could find that the investigatory stop was constitutional," R & R at 7, and (2) the defendant officers invoked Eleventh Amendment governmental immunity to suit.  *Id.* at 8-9.  The plaintiff argues that the findings of fact made by the municipal court judge in *State v. Bressler*, 857 N.E.2d 177 (Ohio Ct. App. 2006), create a genuine issue of material fact which should preclude summary judgment.  Doc. 27 at 1-2.

5

Plaintiff also objects to the ruling that he is suing the defendants in their official capacities, and he claims that Eleventh Amendment immunity should not apply. *Id.* at 2.

### 1.     Probable Cause

The plaintiff's first Fourth Amendment argument is that a genuine issue of material fact precludes summary judgment on the claim. Doc. 27 at 1-2. In support of this contention, Bressler references the Van Wert Municipal Court's finding that Defendant Wiegle did not have probable cause to stop or search him. *Id.* (citing Doc. 16 at 4; Doc. 19, Plaintiff's Exhibit A at 179-80). The defendants counter that Sgt. Wiegle had probable cause to believe several traffic violations had occurred: that the vehicle driven by Plaintiff was weaving within its lane, accelerated toward a stop sign, spun out its tires and accelerated from the stop sign, and ran its rear tire over the curb when making a right turn. Doc. 29 at 1-2.

The Magistrate Judge cited *Gaddis ex rel. Gaddis v. Redford Township*, 364 F.3d 763, 771 n6 (6th Cir. 2004), as authority for Fourth Amendment jurisprudence on vehicle stops in the Sixth Circuit. R & R at 7. Under the authority of *Gaddis*, police are permitted to make an investigative stop of a vehicle when they have reasonable suspicion of an ongoing crime, whether it is a felony or misdemeanor, including drunk driving in jurisdictions where that is a criminal offense. *Gaddis*, 364 F.3d at 771 (citing *United States v. Arvizu*, 122 S. Ct. 744, 750 (2002); *Weaver v. Shadoan*, 340 F.3d 398, 407 (6th Cir. 2003); *United States v. Roberts*, 986 F.2d 1026, 1029-30 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 271 (1993)). Police may also make a stop when they have reasonable suspicion of a completed felony (but not of a mere completed misdemeanor). *Id.* (citing *United States v. Hensley*, 105 S. Ct. 675, 680 (1985); *Roberts*, 986 F.2d at 1030). Finally, police may make a stop when they have probable cause to believe a traffic violation has occurred,

even if the defendant raises a claim that the stop was pretextual.  *Id.*  (citing *United States v. Whren*, 116 S. Ct. 1769, 1772 (1996); *United States v. Palomino*, 100 F.3d 446, 448 (6th Cir. 1996); *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993), *cert. denied*, 115 S. Ct. 97 (1994)).

Relying upon the reasonable suspicion standards established in *Gaddis*, the Magistrate found that there is evidence in the case at bar from which reasonable minds could find that the investigatory stop was constitutional.  R & R at 7.  The traffic stop occurred in December, and the roads were snow-covered and slick.  As the Magistrate found,

> Defendant Wiegle observed Plaintiff weave several times in his lane of travel, spin his rear tires, and go over the curb.  Doc. 19, Plaintiff's Exhibit D at 4-5.  From such observations, the police officer could formulate a reasonable suspicion of drunk driving.  Although Defendant Wiegle may have had other motives, the stop based upon the belief that a traffic violation was occurring or had occurred was lawful under the principles set forth in *Gaddis*.

R & R at 8.

Bressler calls attention to the Van Wert Municipal Court's decision, which granted his motion to suppress because it found there was "no reasonable basis for the stop and no reasonable basis for the search of the vehicle."  *State v. Bressler*, 857 N.E.2d at 178-79.  The municipal court found that the defendant officer chose to follow and stop the plaintiff's vehicle because he had prior knowledge of criminal charges.  *Id.* at 178.  The plaintiff claims that the municipal court's judgment creates a genuine issue of material fact that precludes summary judgment.

The plaintiff also expresses concern regarding an alleged discrepancy between the facts as viewed by the Van Wert Municipal Court, which led to that court granting his motion to suppress, and the facts as recited by the Van Wert Court of Common Pleas, which denied the related motion to suppress.  Doc. 27 at 3.  He argues that the Magistrate "ignore[d] factual findings by the Van

7

Wert Municipal Court about the illegal traffic stop by the Defendants, and instead cho[se] to accept the Van Wert Common Pleas factual findings arising out of the same illegal traffic stop by the Defendants." *Id.*  The defendants argue that Bressler's argument fails because the findings of fact in the municipal court and common pleas court cases do not conflict, and, therefore, do not create a genuine issue of material fact.  Doc. 29 at 1.

The Magistrate found that Defendant Wiegle's personal observations of Bressler's driving, including watching him weave in his lane of travel, spin his rear tires, and drive over a curb, were evidence from which reasonable minds could find reasonable suspicion of an ongoing crime, including misdemeanor drunk driving.  R & R at 7-8.  The findings of fact by the municipal court also included Bressler weaving within his own lane of traffic on the slick roads and Wiegle's testimony that Bressler drove over the curb while making a right turn, *State v. Bressler*, 857 N.E.2d at 178.  That court's findings are no less evidence from which reasonable minds could find reasonable suspicion that a misdemeanor, such as a traffic violation, occurred.  The findings of fact of the two courts thus do not conflict to create any genuine issue of material fact precluding summary judgment.[1]  Moreover, this Court has conducted a de novo review of the Magistrate's findings and has determined that the events of the evening in question were sufficient to support either (1) probable cause that at least one traffic violation was committed, or (2) reasonable suspicion that Bressler was driving under the influence, a misdemeanor.  Either of these determinations would meet the *Gaddis* standard.

Even assuming, however, that the traffic stop conducted by Sgt. Wiegle did not meet the standards articulated in *Gaddis*, the defendants would still be entitled to judgment as a matter of

---

[1] Any disparity between consideration of the facts as between the two state courts is understandable given the different charges before the respective courts – traffic violations before one and drug charges before the other.

law. The plaintiff's current incarceration was based on a proper search pursuant to a warrant signed by a detached and neutral magistrate. Bressler is incarcerated for felony convictions supported by drug evidence seized from his home during execution of the search warrant. The Ohio Third District Court of Appeals was correct in its determination, under the authority of *United States v. Leon*, 468 U.S. 897 (1984), that whether or not there was probable cause for the initial traffic stop, the evidence gathered at Bressler's home that supported the drug charges was validly admitted into evidence under the "good faith exception" to the Fourth Amendment exclusionary rule. *State v. Bressler*, 2006 Ohio App. LEXIS 556, at *12-13. In reviewing the Court of Common Pleas' denial of the plaintiff's motion to suppress, the appellate court found:

> [E]ven if we were to determine that the affidavit, without the "plain view" observation of the officer inside the residence did not provide the judge with a substantial basis for concluding that there was probable cause to search the premises, we would still be compelled to uphold this search based upon the "good faith exception" to the exclusionary rule set forth by the United States Supreme Court in *United States v. Leon* [468 U.S. 897 (1984),] and subsequently adopted by the Ohio Supreme Court in *State v. Wilmoth*, [490 N.E.2d 1236 (Ohio 1986)].

*Id.* The *Leon* "good faith exception" provides that

> the exclusionary rule of the Fourth Amendment "should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." *George*, [544 N.E.2d at 646, citing *Leon*, 468 U.S. at 918-23, 926].

*Id.* at *13.

This Court is in agreement with the Ohio appellate court that the affidavit for the search warrant "was not so lacking in indicia of probable cause that it would render the police officer's belief in its existence entirely unreasonable." *Id.* at *15. Neither was the search warrant facially deficient, as it was specific as to the location and items to be seized. *Id.* The police officers who

9

searched Bressler's residence "acted in objectively reasonable reliance on the search warrant issued by the Common Pleas judge," *Id.*, so the plaintiff's Fourth Amendment claim that the drug charges were unsupported by probable cause must fail.

### 2.    Governmental Immunity

The Magistrate Judge correctly determined that even if Plaintiff had provided evidence to sustain his Fourth Amendment claims, he could not avoid summary judgment because the defendants have been sued in their official capacity and have invoked Eleventh Amendment immunity.  R & R at 8.  The Sixth Circuit emphasizes the importance of giving defendants notice of the capacity in which they are being sued.  *Moore v. City of Harriman*, 272 F.3d 769, 780 (6th Cir. 2001), *cert. denied*, 122 S. Ct. 922 (2002)) (citing *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)).  Where a complaint requests monetary damages against a state official under Section 1983, the court must treat the lawsuit as one against the defendant in his or her official capacity. *Id.*  In *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), the Court stated:

> [T]he face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees.  Although modern pleading is less rigid than in an earlier day, we have not let down all pleading barriers.  It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.

*Id.* at 593.  No clear notification was given to the defendants here, so the lawsuit is against the defendants in their official capacity.

In his Motion for Summary Judgment, Bressler claims that he is suing the defendants in their individual capacity only.  Yet there is no indication in the complaint that Defendants were sued other than within the express and implied powers of their official positions as Van Wert Police Officers.  The defendants were sued under their official titles and using the address of the

10

Van Wert City Police Department.  Doc. 1 at 1.  The plaintiff does not mention that he is suing the defendants as individuals, nor does he make any reference to actions outside the scope of their employment.  Doc. 1.  In fact, the plaintiff indicates that the events leading to his arrest took place as Sgt. Wiegle was "purporting to act in his duty as a Van Wert City Police Officer."  *Id.* at 1.  The plaintiff seeks monetary damages, and because he failed to properly notify the defendants that they could be subject to the payment of damages individually, he cannot now claim to have sued them individually.

It is well settled that a claim against an officer or employee of a governmental entity, in his or her official capacity, is a claim against the government itself.  *Cabaness ex rel. Estate of Cabaness v. City of Riverside*, 497 F.Supp.2d 862 (S.D. Ohio 2006).  *See also Myers v. Potter*, 422 F.3d 347, 357 (6th Cir. 2005) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  Because the governmental entity itself is not liable to suit, to the extent that a government official is sued for damages in his or her official capacity, the official is entitled to invoke the Eleventh Amendment immunity belonging to the governmental entity.  *Kentucky v. Graham*, 473 U.S. 159, 166-67, 169 (1985).  The defendants in this case invoked their entitlement to Eleventh Amendment immunity in their answers to Bressler's complaint, and they are immune to his section 1983 claims.

Bressler avers that the Sixth Circuit case of *Pray v. City of Sandusky*, 49 F.3d 1154 (6th Cir. 1995), negates the Magistrate's conclusion that the defendants are legally entitled to immunity under the Eleventh Amendment.  Doc. 27 at 2.  The *Pray* court held that "[g]overnment officials who perform discretionary functions are generally entitled to qualified immunity and are protected from civil damages so long as 'their conduct does not violate clearly established

11

statutory or constitutional rights of which a reasonable person would have known.'"  *Id.* at 1157

(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Bressler alleges that the defendants

violated his Fourth Amendment rights to be free from "no articulable and reasonable basis" for a

traffic stop of his vehicle, and "no constitutional basis for the search of his vehicle," both rights of

which a reasonable police officer would be aware.  Doc. 27 at 3 (citing Doc. 16 at 4; Doc. 19,

Plaintiff's Exhibit A at 179-80).  However, *Pray* is inapposite to the present case.

 First, cases in which governmental immunity has been deemed inappropriate under the

*Pray* standard have involved police actions that were notably more reprehensible than those that

unfolded here.  *See*, *e.g.*, *Srisavath v. City of Brentwood*, 243 Fed. Appx. 909, 911 (6th Cir. 2007)

(uncorroborated anonymous tip including no identifying information not sufficient to create

reasonable suspicion for a *Terry* stop of plaintiff's car).  To survive the *Pray* standard, conduct

must be "objectively reasonable."  *Pray*, 49 F.3d at 1157-58.  As the Magistrate found, and as this

Court agrees, Defendant Wiegle's actions in initially stopping Bressler were not objectively

unreasonable.  More importantly, the evidence supporting the drug charges that are the subject of

this section 1983 action was gathered in reliance on a facially valid search warrant, signed by a

neutral and detached magistrate.  Thus, the officers' actions that led to the felony drug charges

were also not objectively unreasonable.

 The facts in *Pray* itself support the contention that official actions must be unreasonable,

and thus more egregious than the present facts, to support stripping of governmental immunity.  In

*Pray*, police officers were searching for a twenty-five year old male drug offender and entered the

duplex home where he resided on the upper level.  *Id.* at 1156-57.  Instead of entering the

suspect's level of the duplex, officers mistakenly broke down the door of the lower level of the

12

home, which was occupied by the Prays, an elderly couple. *Id.* at 1157. They ordered Mr. Pray to the floor at gunpoint and pushed him to the floor by his shoulders, then did the same to Mrs. Pray. *Id.* The officers remained in the Pray residence for approximately five minutes securing and searching the premises. *Id.* Both Mr. and Mrs. Pray apparently suffered injuries as a result of the search and pre-existing health conditions. *Id.*

The *Pray* court did not find that the officers had forfeited their immunity, but rather that genuine issues of material fact remained for trial before the issue could be decided. *Id.* at 1160. The facts in that case were far more troubling than those presently before this Court; the facts here do not even create a genuine issue of material fact. The officers in *Pray* mistakenly and forcibly entered a private home, a place which has long been accorded a great deal of privacy under Supreme Court precedent. *See Kyllo v. United States*, 533 U.S. 27, 31 (U.S. 2001) ("'At the very core' of the Fourth Amendment 'stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.'") (quoting *Silverman v. United States*, 365 U.S. 505, 511 (1961)). Because of their mobile nature, vehicles are consistently regarded with less privacy, and Sgt. Wiegle had a proper basis for making a stop and did not mistakenly pull over the wrong vehicle when he determined there was probable cause for a traffic violation. *Illinois v. Lidster*, 540 U.S. 419, 424 (U.S. 2004) ("The Fourth Amendment does not treat a motorist's car as his castle.") (citing *New York v. Class*, 475 U.S. 106, 112-113, (1986); *United States v. Martinez-Fuerte*, 428 U.S. 543, 561, (1976)). Entrance into Bressler's residence was supported by a facially valid warrant that listed his correct address. Furthermore, the Prays were forced to the ground at gunpoint, while there are no facts here to suggest that either of the defendants used excessive force in stopping Bressler's car or in entering his residence.

13

The Magistrate was correct in ruling that the defendants are entitled to Eleventh Amendment immunity, and accordingly, Bressler's claims against them cannot survive summary judgment.

### B. The False Arrest Claim

Bressler alleges that Sgt. Wiegle's traffic stop was illegal, and that consequently the arrest emanating from that stop was illegal. R & R at 12. The Magistrate Judge ruled that his claim is time barred by Ohio's one-year statute of limitations, codified at OHIO REV. CODE § 2305.11(A), because the statute began to run on the date of arrest – December 19, 2004 – or, at the latest, when Bressler appeared before the magistrate and was bound over for trial on December 22, 2004. *Id.* at 12-13. Bressler filed his complaint on November 27, 2006 – more than one year after his arrest. Bressler argues, however, that the statute of limitations did not begin to run until December 16, 2005, when the Van Wert Municipal Court issued a decision suppressing the evidence of the traffic stop and dismissing the misdemeanor criminal charges against him. He relies on *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999), and *Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001), for support of this claim.

*Ruff* involved improper targeting of African-American postal employees and fabrication of evidence during a drug investigation. *Ruff*, 258 F.3d at 499-500. The plaintiffs in *Ruff* argued that the state statute of limitations, as applied to their claims, did not begin to run until the prosecutor dismissed the charges against them. *Id.* at 510. Relying on principles established in *Shamaeizadeh*, the Sixth Circuit found that the plaintiffs' claims did not accrue until the charges were finally dismissed, because at that time, the plaintiffs did not know of their injury for purposes of the statute of limitations. *Id.* at 502.

14

After *Ruff* was decided, the Supreme Court handed down a decision in *Wallace v. Kato*, 127 S. Ct. 1091 (2007), that came to a different conclusion. The *Wallace* Court determined that "because false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 127 S. Ct. at 1096 (emphasis in original). This decision effectively abrogated the holding in *Shamaeizadeh*. *Id.* at 1095-96. After *Wallace*, the Sixth Circuit has recognized that the statute of limitations for a claim of false arrest, where the arrest is followed by criminal proceedings, begins to run at the time the defendant becomes detained pursuant to the legal process. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). In Ohio, false arrest includes false imprisonment, so the one-year statute of limitations provided in OHIO REV. CODE § 2305.11 applies to this claim. *Mayes v. Columbus*, 664 N.E. 2d 1340, 1352 (1995).

Bressler acknowledges that his claim is governed by OHIO REV. CODE § 2305.11(A), and that the question of when the statute of limitation on his false arrest claim began to run is determined by federal law. Doc. 27 at 4. However, in his Objections, he insists that the limitations issue is governed by *Ruff v. Runyon*, and that the statute began to run on December 16, 2005, when he knew or should have known about the Van Wert Municipal Court decision to grant his motion to suppress the evidence of the traffic stop. *Id.* at 4-5. Cases applying that holding from *Ruff* were abrogated by the Supreme Court's decision in *Wallace*, and the Sixth Circuit held as much in *Fox v. DeSoto*:

> Under federal law, the limitations period begins to run when a plaintiff knew or
> should have known of the injury that forms the basis of the claim. *Ruff*, 258 F.3d at
> 500. In fact, the Court in *Wallace* specifically held that a claim for wrongful arrest

15

under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends. 127 S. Ct. at 1095-96.

*Id.* at 233.

Thus, federal law dictates that the statute of limitations for Plaintiff's false arrest claim began to run when he became detained pursuant to the legal process.  The Magistrate Judge correctly determined that the statute began to run when Bressler appeared before the magistrate and was bound over for trial on December 22, 2004.  The applicable statute of limitations, found at Ohio Rev. Code § 2305.11(A), is one year, and Bressler did not file his complaint until November 27, 2006.[2]  The Magistrate correctly determined that the plaintiff's state law false arrest claim is time barred.  Defendants are entitled to summary judgment.

### C.      The Malicious Prosecution Claim

Bressler claims that during the year before the traffic stop at issue, Defendant Wiegle arrested him on a drug charge.  R & R at 13.  After this arrest, Bressler alleges that Sgt. Wiegle targeted him for prosecution by conducting a surveillance of his vehicle.  *Id.* at 14.  Defendants counter that Sgt. Wiegle made a lawful traffic stop, and because the traffic stop was lawful, the ensuing arrest was lawful and the subsequent prosecution of Plaintiff was not without probable cause.  Doc. 29 at 4.  Without the elements of an action for malicious prosecution, the defendants contend that Bressler's claim for malicious prosecution must fail.  The Magistrate Judge correctly determined that the elements of a malicious prosecution claim have not been met in this case.  R & R at 15.

---

[2]

Even if it were an issue of tolling, the Van Wert Magistrate's dismissal of charges against Bressler, while creating Plaintiff's basis for arguing against summary judgment, does not affect the dates on which the alleged offenses occurred, and thus cannot toll the statute of limitations in and of itself from the date of the ruling.

The tort of malicious criminal prosecution is the right to recover damages for harm caused to a criminal defendant by the misuse of criminal actions. *Bickley v. FMC Technologies Corporation*, 282 F.Supp. 2d 631, 637 (N.D. Ohio 2003) (citing *Trussell v. General Motors Corporation*, 559 N.E.2d 732 (Ohio 1990)).  To make out a claim of malicious prosecution, a plaintiff must prove three elements: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the defendant." *Id.*  The Magistrate Judge found that the traffic stop was lawful, the ensuing arrest was lawful, and the subsequent prosecution was not without probable cause.  R & R at 14.  The Magistrate further found that Bressler's subsequent conviction and sentence preclude him from proving the final element of termination of the prosecution in his favor. *Id.* at 15.

As discussed with respect to Bressler's Fourth Amendment claims, this Court finds that Sgt. Wiegle did have probable cause to support a traffic stop, and, more importantly, that indicia of probable cause combined with a facially valid warrant signed by a detached and neutral magistrate were sufficient to make the search of Bressler's home lawful.  Thus, Bressler's argument in support of the second element of the malicious prosecution claim lacks merit.  His assertions regarding the other two elements also fail.

"Malice is the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances that the law will imply an evil intent." *Id.* (citing *Criss v. Springfield Township*, 564 N.E. 2d 440 (1990) (citing Black's Law Dictionary 956 (6th ed. 1990))).  For purposes of malicious prosecution, malice "means an improper purpose, or any purpose other than the legitimate interest

of bringing an offender to justice." *Id.*  Neither definition applies to these facts, so no genuine issue of material fact exists.

Defendant Wiegle had a "lawful excuse" for stopping Bressler because he observed the plaintiff committing traffic violations and exhibiting behavior indicative of drunk driving.  Both officer defendants had the "proper purpose" of bringing an offender to justice when they executed a search warrant on Bressler's residence.  Even assuming that Wiegle recognized Bressler's car, the facts do not show that he followed the car for any purpose other than to facilitate citation for and prevention of traffic violations, or that he and Officer Bruns searched Bressler's home for any purpose other to bring a drug offender to justice.

Finally, a plaintiff may only recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid.  *Wallace*, 127 S. Ct. at 1097.  In other words, a section 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *Id.* A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under Section 1983.  *Id.*  (citing *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994)).

Even if this Court were to accept as true Bressler's allegation that Defendant Wiegle orchestrated the arrest and filing of criminal charges against him, he has not created a question of fact that his sentence or conviction has been invalidated or otherwise terminated in his favor. Bressler argues that the suppression of evidence and dismissal of the misdemeanors by the municipal court constitutes evidence of termination of the prosecution in his favor.  Doc. 27 at 5.

18

The result in that proceeding does not assist the malicious prosecution claim, however, because there was no conviction or sentence in the municipal court case that could thereafter be "invalidated or otherwise terminated in his favor." R & R at 14-15. Moreover, the dismissal of the misdemeanors in no way eradicates Plaintiff's conviction on the felonies, and subsequent mandatory sentence of at least four years. Without proof that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *Wallace*, 127 S. Ct. at 1097, Bressler cannot prove the third element of the cause of action. The plaintiff claims that the outstanding habeas corpus petition pending in this Court is potential support for this element; yet even if this Court were to dismiss his malicious prosecution claim without prejudice, pending the outcome of the habeas petition, Bressler would still be unable to make a case for malice or lack of probable cause on these facts.

As with his other two objections, Plaintiff's argument in opposition to the Magistrate's recommendation to grant summary judgment to the defendants for malicious prosecution fails. The defendants are entitled to summary judgment as a matter of law.

V.      **Conclusion**

For the reasons stated herein, the Magistrate Judge's R & R (Doc. 24) is adopted as supplemented by the findings of this Court. Plaintiff's motion for summary judgment is hereby denied (Doc. 19). Defendants' summary judgment motion is hereby granted with respect to all claims (Doc. 16).

IT IS SO ORDERED.

                                                      s/ *David A. Katz*
                                                     DAVID A. KATZ
                                                     U. S. DISTRICT JUDGE

19